UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JOHN WILSON,

Plaintiff,

v.

HIGH DESERT STATE PRISON, *et al.*,

Defendants.

Case No. 2:25-cv-3170-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action as a "class action" on behalf of himself and five other inmates and alleges that officials at High Desert State Prison have violated their rights by instituting an unofficial regulation that deprives them of personal property and time out of their cells. ECF No. 1 at 4. The complaint will be dismissed with leave to amend, since pro se litigants are not permitted to bring actions on behalf of others. Plaintiff may file a complaint raising only his own claims. Additionally, I will grant the latter of plaintiff's applications to proceed *in forma pauperis*, ECF No. 9, and deny his earlier one, ECF No. 7, as moot.

1

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff states that he is bringing this as a class action on behalf of himself and five other inmates at High Desert State Prison.  ECF No. 1 at 3.  As such, the claims are couched in collective terms.  Pro se litigants are prohibited from representing others, however.  *Simon v.*

2

*Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). Accordingly, plaintiff must file a new complaint containing only his own claims if he wishes to proceed with this action.

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may file an amended complaint that contains only his own claims. If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 9, is GRANTED and his earlier application, ECF No. 7, is DENIED as moot.

IT IS SO ORDERED.

Dated:    February 3, 2026                 _____

                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE

3