UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LITTLE BEAR WILSON,<br>Plaintiff,<br>v.<br>HIGH DESERT STATE PRISON, *et al.*,<br>Defendants. | Case No. 2:25-cv-3170-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that defendants various defendants violated his constitutional rights across several unrelated claims. The amended complaint, ECF No. 14, fails to state a cognizable claim against any defendant. I will give plaintiff one final opportunity to amend before recommending that this action be dismissed for failure to state a claim.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff's amended complaint is difficult to understand due to its length and poor organization. He begins by alleging that he is being subjected to cruel and unusual punishment by defendant Kimberly Thornton because has been placed in (or perhaps on) "an underground regulation" that contravenes state regulations. ECF No. 14 at 4. But violation of state regulations, standing alone, does not give rise to a viable section 1983 claim. *See Case v. Kitsap Cnty. Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . ."). Plaintiff also alleges that he has been denied certain appliances, including his television. ECF No. 14 at 4-5. But he has no right to a television in prison. *See Burnett v. Miranda*, No. 2:13-cv-1239-MCE-CKD (P), 2015

U.S. Dist. LEXIS 27932, *22-24 (E.D. Cal. Mar. 5, 2015) ("[P]laintiff has no right to watch television while in prison and conditions of confinement which amount to [r]outine discomfort inherent in the prison setting are not an adequate basis for an Eighth Amendment violation.") (internal quotation marks omitted). And, to the extent he alleges a due process violation predicated on the loss of his television caused by state employees, this allegation does not give to a federal claim where the state provides procedures to obtain a remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such a remedy. California Government Code, §§ 900, *et seq.*

Plaintiff goes on to complain about various other alleged violations of his rights, but none of these claims is sufficiently developed. He alludes to an inability to earn good time credits, ECF No. 14 at 7, a use of excessive force against him by an unnamed officer, *id.* at 8, and a violation of the Americans with Disabilities Act, *id.* at 10. These allegations are bereft of specifics and do not, as articulated, state a claim. Additionally, they bear no obvious relation to plaintiff's claims about being placed in an "underground regulation."

Plaintiff's complaint is dismissed with leave to amend so that he may address these deficiencies. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Second Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 14, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: September 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE